All right and we are ready to start at the gavel. The United States Court of Appeals for the Ninth Circuit is now in session. Well good morning, good afternoon, aloha and welcome to the the Ninth Circuit. I would first on behalf of Judge Bybee and myself like to welcome and thank Judge Battalion from the District of Nebraska. We are very thankful that he has joined us and we look forward to our arguments with him today as we did yesterday. So before we get to the argument calendar there are a number of cases on the calendar that we have submitted. The cases that have been submitted are Joaquin Nicholas versus Garland, Pineda Casasola versus Garland, Yu versus Garland, and Rames versus Kijikazi. We have three cases I believe on the argument calendar today. The first is United States versus Castellanos and counsel whenever you are ready. Good morning and may it please the court. I am Joshua Weiss from the Federal Public Defender's Office here on behalf of Appellant Jeffrey Castellanos. I'd like to reserve two minutes and I will keep my eye on the clock. All right. Thank you. I intend to focus on our claim that the officers committed a trespass onto the curtilage and thereby conducted an illegal search. Within that claim there are three contested issues. First is Mr. Castellanos' standing, second is whether the driveway at least the portion where the search occurred is curtilage, and third whether the officers entry onto the driveway constituted a search or whether the knock-and-talk exception applies. Starting with standing, Jamie Garcia lived in the converted garage immediately abutting the driveway and Mr. Garcia gave Mr. Castellanos independent use of the driveway and access to it and the resident that abutted. Well counsel you I mean I understand you call it a driveway and you're of course free to call it a driveway but again this is the area that's right under the picture where God rules is written on the garage door right? Correct your honor. So who looking at this would conclude this is a driveway except as opposed to just some space abutting the alley and what evidence is there that this goes with the house garage that this is even part of the part of the property? I mean I've read Mr. Garcia's deck which says this is my driveway but what evidence is there that this really is some sort of driveway that could that could be curtilage? Thank you your honor. I would start with pointing out that while the government argued below and the officers contested the idea below that it was a driveway the district court repeatedly called it a driveway in its ruling but I think that's I don't mean to be semantic the deeper question is whether this is I'm sorry I didn't go ahead yes no no you're answering my question. Thank you and we have not seen a single case and the government I don't believe has cited any where private property that at least the section of private property immediately abutting a residence here it's right in front of the door to the residence. When you say the residence you mean the garage? Yes but we have a there's someone who lives in that residence this is a pretty typical living situation honestly in Los Angeles and there's a strip of land that's private property immediately in front of it you can see in the video that the door is partially open so where they're standing is literally the footsteps in front of the door on private property where you can see into the door and I believe that is the core concept conception of excuse me curtilage. As a council is it is it clear do we know whether all four tires were on the the place where the asphalt meets the what appears to be cement? Do we do we know that the truck would had all four tires on there or were tires tires on the asphalt that you would consider part of the alleyway? This was a contested issue in the district court the government argued posited that it wasn't that not all four tires were on the driveway the defense pointed to the video saying that it was and I don't believe the district court made a I would point to video exhibit 104 between minutes 25 and 26 as well as video exhibit 101 between 16 and 17 and 22 to 23 supporting the defendant's contention there ultimately though I don't believe that that question ends up covering being determinative excuse me because there's no dispute that where the the officers stepped on was the portion of the property immediately abutting the residents they stepped into the inner portion of the driveway before they saw anything and that's where the search occurred and Mr. Garcia's declaration says that that is the driveway abutting his residents and there wasn't any evidence saying that it wasn't his private property now I believe so council even if we were to agree with you either actually or hypothetically that this was curtilage wouldn't for your client to have standing wouldn't he have had to have at least shown evidence that he was an overnight guest what would you point to that somebody who gets to park their truck in curtilage has sufficient standing to raise the type of trespass claim that you're making here I'd focus on three cases this court's decision in Thomas at the Supreme Court's decision and Jones and the Supreme Court's decision in bird talking about Thomas and Jones those cases distinguish between someone who's a mere visitor with just permission to be at the location from someone who has independent use of the property and independent access to it and mr. Garcia's declaration while brief does give does it state that he gave mr. Castellanos permission both to use the property here he was using it to work on his truck and to access it now bird I issue of control which is a third issue that is sometimes considered and to the extent that more than this use and access is needed if the court decides that I think bird is very helpful there where the Supreme Court said that an unauthorized driver of a rental car still has standing under the property conception of the Fourth Amendment because in terms of his control the court stated even if you cannot exclude the authorized driver an unauthorized driver could at least exclude a carjacker from the rental car and that's the level of control you need sir is there any case though that stands for the proposition that somebody who has some unknown type authority to park somewhere it doesn't say he could park there for a year it doesn't say for a minute it doesn't say but is there any case that that provides authority for some unknown parametered right to park that he can assert what you're saying here is a trespass claim for someone stepping on curtilage understood your honor I would push back a little bit on the idea that he was only given permission to park I think there's more here but let me table that for a moment I think getting to the issue of the duration question and there I believe we said it to multiple cases where permission to use a property for a single evening for a single night was enough in layout there was an event for a single evening in Jones the council we we were very careful in Lyle to distinguish between those who were there as guests in the warehouse and those who had who had control of the property and therefore could control who came in and who came out clearly looks like a guest at least a guest but what would make us think that he would have that he has the ability to exclude anybody from the properties I'm glad your honor is getting to question because I think I think actually bird in bird the Supreme Court articulated a rule that helps distinguish between the plaintiffs in layout who did not have standing and mr. Castellanos here and it gets back to this idea that an unauthorized driver of a rental car could at least exclude a carjacker but when you're renting a car council you've you've got you have the right to drive the car that the car is is yours temporarily and that means that you that you don't have to take anybody who wants to just wander into the car including including police officers that just feels very very different from somebody who's got permission from his from a friend to work on his car in the driveway for for a couple of hours from now and then I mean that that doesn't that doesn't tell us anything about his about his right to be able to tell others that they cannot come on the property I I take your honor is a question that I mean I will agree that a cop the dynamics of a car and a residence are somewhat different but the point I want to tease from bird is the level of exclusion you need to be able to assert it's of a carjacker here I believe someone who's given permission to use a driveway and independently access the home stand right in front of the door the open door to the home would at least have the power to exclude intruders he couldn't exclude the resident but standing there in the middle of the night working on private property standing by the door the equivalent of a carjacker in a home he could have excluded that kind of person that plus his right to use the driveway to work on his vehicle his personal property and to access the home independently I believe was enough for standing here and so we'll give you some extra time for rebuttal but I have one more question is is there anything at all whether it was nighttime or daytime that would have put the reasonable observer on notice that it would have been a trespass for them to step on to the area that you call the driveway which directly abuts a public roadway is there anything that would have put either these police officers or any reasonable person on such notice thank you your honor well typically the question is whether it was a trespass onto curtilage like in Jones the court didn't ask whether it's reasonable to think you can't touch a car it just said this is this is private property so it's a trust but I be that as it may I'm asking a different question yes and so well what we have is a carved out strip of land that's carved out from the street the government characterizes as a cut-in and at least the portion where the the officers stepped on I might grant that they might not think they might think they have authority to step on the the dividing line but they they were walking around the car to the portion of this cut-in land to get to the back of the car where mr. Castellanos was standing kind of abutted between the vehicle and the house and at least there there is because it was carved out because it was right in front of the door I that is as close as you get to a stoop or a driveway and in dense urban neighborhoods and I believe that someone familiar with these kinds of dense environments would see that at least that little strip immediately in front of the door where someone is standing between their property and the door is it is reasonable to think that is private property all right thank you and we'll give you two minutes for for the government now thank you good morning your honors and may it please the court Charles Fowler for the United States I'll start with the standing issue where we where we left off just now and turn first to the notion that standing can exist on some showing less than exclusive possession the defense is independent access the the very essence of this trespass type fourth amendment claim is as the Supreme Court said in US Jones and as this court has since reiterated a common law trespass type theory and the very essence of a common law trespass claim was the assertion of a right to exclude the trespass cause of action was itself the mechanism for enforcing someone with an interest in properties right to exclude and so it makes perfect sense that in every case cited really by both parties on this point the Lyle decision of this court the Thomas decision of this court and all of the others the right to exclude has been part and parcel of standing it doesn't have to be the right to exclude everyone it can involve some kind of joint possession where you can't exclude the joint possessor but you can exclude everyone else but it does have to be the right to exclude that's consistent with common law doctrine and I think the thing it was it was never even claimed or argued below that mr. Castellanos had any kind of exclusive acts exclusive interest in the garage or the council this is this is given who the parties are here a pretty hypothetical question but is it the government's view here that based on the declaration from mr. Garcia that that would be sufficient to establish mr. Garcia's right to exclude someone from this particular space I think so probably your honor I mean it's it's an awfully thin declaration but taking the fact at face value that that Garcia resides there I think that would probably do it so is the government conceding then that this particular area is curtilage oh no your honor I was retreating the standing issue I was going to get to the curtilage issue but no your honor I don't think this particular area is curtilage and I can go ahead and turn to that the the I think the best way to assess whether or not this particular space is curtilage is simply to take a look at it and of course there are several angles on it there's an overhead shot as well as a of course as well the court inquired whether that there was anything in the record addressing whether or not the vehicle was completely situated on on the the concrete parking space or not the district courts finding which would be reviewed here for clear error was that it was no wider than four feet across which of course is which is a narrower space than would even accommodate this large Toyota Tundra truck there was unrefuted testimony from the officers that the the truck was partially blocking the public alleyway and so while there might have been some argument about it I think to the extent there is evidence and findings on that point they are all consistent which is that the truck was was and in fact could not have fully on this space this council was was there evidence in the record that if the truck was partially blocking the alleyway that it was doing so illegally I do believe one of the officers testified that that would have been a violation and he was cross no we didn't we didn't take it for that or anything if it was a violation to do this and even if this was curtilage would that be an exception to the trespass doctrine that the officers would have the right to enter even without permission to further investigate what appeared to them to be a violation well I mean I guess the question is whether one of the you know to the warrantless rule against warrantless entry on property would apply at that point the government didn't make that argument though right that was not a claim that was this year that was not a basis for justifying the the officers contacting the defendant below but again I mean I think what's explained the kind of practical approach to determining whether something's curtilage or not the parties dispute whether or not the four factors that the Supreme Court announced in done are necessarily applicable in every case for the reasons we explained in the brief I think they all weigh everything except for the proximity factor weighs heavily against a curtilage finding here but the Supreme Court there said all of this the factors everything else goes to the fundamental question whether this is the kind of area that harbors the intimate activities associated with the sanctity of one's home these private kind of home activities suppose that the garage door was up the garage door was not being used as a dwelling place but just as a place for parking vehicles and the Tundra had been sort of partway in partway out tailgate very close to the to the road but probably not on the asphalt now what can that can the officers approach the car does it matter does it matter whether the garage door if it were to come down over the vehicle would would cover the front doors whether that's so the doors are within the garage or just barely outside the garage that wouldn't change the analysis of this concrete strip itself because really it's it's functionally equivalent to street it feels like it but you know for folks who live there who don't have a lot of property this is the best they've got and let's suppose that the owner of the truck is not Castellanos but it's Garcia that he owns the entire dwelling place and that he's got his truck parked halfway into the into the garage and halfway out and not and is not on the alleyway can the officers approach him does it matter which way the truck is parked whether he's backed it in or whether he's driven it nose first in with regard to that particular parking space I don't think it matters now I think it would be a very different question whether the officers could you could could actually breach the garage that would be something different that that would be assuming taking it but the government's position is that they can the concrete the concrete strip the one that I'm assuming I just from looking at this I'm gonna call one the driveway the four feet of driveway concrete in the and the alleyway asphalt yes and and I think that's true because even if that garage door were open and regardless of how the truck were situated that strip which is the district court found is no more than four feet wide is completely exposed to the public alleyway is not an enclosure has no barriers is regardless of how the truck is situated not part of the area to which the sort of privacies of the home that feels like a cat that feels like a cat's argument that doesn't feel like a common-law trespass in common-law common-law trespass you know that could that could be breached by you know sticking your over a line well common-law trespass is it's kind of the here it applies only to those areas that meet this sort of done analysis of curtilage did anybody do a meets and bounds description of this of this property do we know where that's not in the that's not in the record and then let me give you a hypothetical let's suppose that the meets and bounds description shows that it covers the therefore private property all the way to the asphalt that would not change the analysis because because it's done itself explained the the curtilage is not necessarily coextensive with the property that's the whole reason that courts need to engage in the curtilage analysis in the first place because we can we can all just assume for the sake of argument that private property extends out to where the alley starts but the trespass theory do we have to sign do we have to post do we have to say no trespassing starts here on the concrete yeah that wouldn't that wouldn't be necessary but if it if they had such a sign with the officers have to observe it I don't know that there'd be a per se rule I think that would be a I think that would be a another factor that would favor a finding that no I think you would weigh in the analysis but I don't think it'd be a per se rule all right Thank You counsel did you have any concluding remark but no your honor we would just ask that the judgment be affirmed all right so we'll hear from counsel for the the appellant and again we'll put two minutes on the clock and whenever you're ready counsel thank you your honor starting with this idea that exclusive possession is the rule the government only cites one case to that proposition that's the case Gonzalez it's unpublished and that phrase comes not from a Fourth Amendment standing issue the court there was discussing California trespass claim a civil claim and every case we talked about uses the language of mutual authority mutual use joint control that's Thomas and Leigh I'll use those words in Collins it was not the defendant's house where the drive car was parked it was his girlfriend's house and in Thomas this court said that the the possessory notion that for standing should not be defined narrowly so there is no support for this idea that joint some form of joint authority mutual authority over the property and like we talked about the cases talk about you in independent use of the property for private purposes independent access to it which we have here and to the extent some power to exclude as necessary like we were discussing like I was discussing before this is a minimal power to exclude at least an intruder which I believe we have here in terms of the size of the no question that the portion of the driveway where the search occurred was immediately abutting mr. Weiss at least for me you have frozen I don't know if anyone else can hear mr. Weiss right now now he's frozen here yeah he's from okay we'll give him a few seconds more and see if his internet kicks back on if not I'll give him a dry call yeah he might not know looks like he froze maybe in about 30 seconds no no that's fine well we'll give you we'll give you a minute gather your gather your thoughts and and start when you're start when you're ready but take your time to make sure you're ready but one minute thank you very much your honor and my apologies again no no no no apologies necessary thank you the point I was trying to make there is that in terms of the width of the driveway again we do not believe that matters because of the location the search occurred was undisputably indisputably the immediate the portion of the driveway immediately abutting the home where the officers stepped on to actually conduct the search and if you look at the butt to the extent it matters the photos attached to the opening brief show motorcycles parked at full length perpendicularly to the to the garage and within the driveway so I this was long enough for a motorcycle which is typically six feet to fit and finally in terms of whether it was parked legally the officers did not tow the vehicle which is usually what would be done if they're arresting the only possessor of the vehicle parked illegally with that I would submit unless the court has any additional questions thank you we thank counsel for their argument and the case just argued will be submitted the next
judges: BYBEE, BENNETT, Bataillon